HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANCE SIMMS and NOVELLA COLEMAN,<br><br>               Plaintiffs,<br><br>vs.<br><br>LAKESIDE SCHOOL,<br><br>               Defendant. | Cause No. 06-1412 RSM<br><br>PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER<br><br>NOTED FOR:<br>February 27, 2007 |

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to F.R.C.P. 26(c) and CR (d)(2)(D), plaintiff Chance Sims respectfully requests that the Court enter a Protective Order to prohibit defendant from obtaining his private and confidential medical records as defendant had indicated it intends to do with a Notice of Intent to Subpoena Dr. John Vassall's records.

Chance Sims asserts claims of race discrimination, harassment, and retaliation against his employer, defendant Lakeside School. Plaintiff Sims testified during his two day deposition that he has not seen any health care providers for any symptoms or injuries that he claims is a result from his claims. As he testified, Mr. Sims is not making any claim that any medical treatment or specific medical diagnosis was related

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 1 OF 12

DECOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093

to his discrimination/harassment and retaliation claims. He does not intend to call any health care provider as a witness at trial. In response to specific questions by defense counsel, plaintiff testified regarding his emotional distress, including sadness, loss of appetite, loss of sleep, and ceasing to eat lunch in the cafeteria as examples of how the racially hostile work environment affected him. Despite this testimony and despite plaintiff's repeated assertion of the physician-patient privilege and privileges associated with other health care providers, defendant served a notice of intent to subpoena Chance Sims's medical records from Dr. Vassall. *(Exhibits 1, 2; DeCosta Declaration)*

## II. STATEMENT OF ISSUES

Should the Court enter a Protective Order prohibiting defendant from obtaining Mr. Sims's private, confidential, and privileged medical records when

 1. Plaintiff has not waived his physician-patient privilege;

 2. Plaintiff is not planning on calling health care providers to testify at trial and has not disclosed any such witnesses;

 3. Plaintiff has not and is not planning on admitting communications between any provider and the plaintiff at trial;

 4. Plaintiff is not asserting a medical or psychological diagnosis as being causally related to the harassment/discrimination and/or retaliation;

 5. Plaintiff's emotional distress did not result in a medical or psychological "diagnosis" and his emotional distress is easily understood and that an ordinary person would likely experience in similar circumstances and constitutes

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 2 OF 12

DECOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093

matters within the everyday experience of the average juror as being attributable to racial discrimination/harassment and retaliation and thus meets the generic definition of "garden variety" emotional distress;

    6.    Plaintiff is not asserting an outrage or negligent or intentional infliction of emotional distress claim; and

    7.    Plaintiff is not asserting a "bodily" injury claim.

### III. EVIDENCE RELIED UPON

1. Declaration of Virginia L. DeCosta with attached Exhibits; and

2. The files and records herein.

### IV. MEET AND CONFER REQUIREMENT

On Friday, February 9, 2007, counsel for the parties conducted the required LR 37 conference prior to the filing of this Motion. The parties cannot reach a compromise necessitating this Motion.

### V. THE COURT HAS BROAD DISCRETION TO ISSUE A PROTECTIVE ORDER UNDER THE FACTS AND LAW HERE - - THE COURT SHOULD ADOPT A CONSERVATIVE VIEW OF WAIVER OF PRIVILEGE BECAUSE PLAINIFF'S CONSTITUTIONAL RIGHT TO PRIVACY WOULD BE VIOLATED IF DISCLOSURE WERE REQUIRED

The scope of discovery is a matter within the trial court's broad discretion. Pursuant to F.R.C.P. 26(c), a Court may enter a Protective Order that justice requires to protect a party . . . from annoyance, embarrassment, and oppression for good cause shown. Here, good cause exists not to violate the physician-patient privilege.

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 3 OF 12

DECOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093

To determine if good cause exists for a protective order, the Court must balance the competing interests of the parties. *Rhinehart v. Seattle Times*, 98 Wn.2d 226, 232, 654 P.2d 673 (1982).

In this case and pursuant to case law sited herein, there are a number of factors that militate against discovery of Chance Sims's confidential and privileged medical records:

1. Mr. Sims has not waived his physician-patient privilege;

2. Mr. Sims is not planning on calling health care providers to testify at trial and has not disclosed nay such witnesses;

3. Mr. Sims has not and is not planning on offering evidence of communications between any health care provider and the plaintiff at trial;

4. Mr. Sims is not asserting a medical or psychological diagnosis as being causally related to the harassment/discrimination and/or retaliation;

5. Mr. Sims's emotional distress did not result in a medical or psychological diagnosis and his emotional distress is easily understood and that an ordinary person would likely experience in similar circumstances and constitutes matters within the everyday experience of the average juror as being attributable to racial discrimination/harassment and retaliation and thus meets the generic definition of "garden variety" emotional distress;

6. Mr. Sims is not asserting an "outrage" or "negligent or intentional infliction of emotional distress" claim; and

7. Mr. Sims is not asserting a "bodily" injury claim.

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 4 OF 12

DECOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093

Chance Sims asserts a substantive state claim under RCW 49.60 and federal claim under 42 U.S.C. § 1981. Mr. Sims has a Constitutional right to privacy. The United States Supreme Court recognized the right of privacy as a distinct constitutional right in *Griswold v. Connecticut*, 381 U.S. 479, 14 L. Ed. 2d 510, 85 S. Ct. 1678 (1965). The United States Supreme Court also interpreted the 14th Amendment to include "a right of personal privacy." *Roe v. Wade*, 410 U.S. 113, 152, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973).

The Court has further recognized a privacy interest in the confidentiality of one's medical records. *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 633 (S.D.CA.1999)(internal citations omitted). And specifically, the Court recognizes a psychotherapist-patient privilege. *Jaffee v. Redmond*, 518 U.S. 1, 135 L.Ed. 2d 337, 116 S. Ct. 1923 (1996).

In Washington, Mr. Sims is protected by a statutory physician-patient privilege set forth in RCW 5.60.060(4). Furthermore, under Washington law, the Constitution guarantees additional protection to the fundamental right of privacy in Article 7, Section 7:

> No person shall be *disturbed in his private affairs*, or his home invaded, without authority of law. [Emphasis added] [1]

As such, it is well established that a patient's statements to his physician and related records are privileged. *Ruhlmann v. Ulster County Dept. of Social Services*, 194 F.R.D. 445, 448 (N.D.N.Y. 2000).

---

[1] See also, RCW 70.02 *et. seq.* that applies to medical records.

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 5 OF 12

DECOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093

## A. PLAINTIFF SIMS HAS NEITHER EXPLICITLY NOR IMPLIEDLY WAIVED HIS PHYSICIAN-PATIENT PRIVILEGE

Chance Sims has not explicitly waived his physician-patient privilege and his privilege with other health care providers. His counsel repeatedly asserted these privileges during discovery thus far and objected to disclosure of communications between plaintiff and his providers, to include Dr. Vassall.

Similarly, Chance Sims has not impliedly waived his privilege. As the Court knows under RCW 49.60 *et.seq.*, Title VII, and 42 U.S.C. § 1981, a plaintiff can seek damages for emotional pain, suffering, mental anguish, and loss of enjoyment of life. Merely because of seeking these damages, a plaintiff does impliedly waive his privileges with health care providers. Courts recognize that a plaintiff does not impliedly waive his physician-patient privilege by asserting emotional distress damages. Courts look at factors to include the following to determine that Mr. Sims has not impliedly waived his privilege – all of which exist here:

    1. He has not waived his physician-patient privilege;

    2. He is not planning on calling health care providers to testify at trial and has not disclosed any such witnesses;

    3. He has not and is not planning on admitting communications between the provider and the plaintiff at trial;

    4. He is not asserting a medical or psychological diagnosis as being causally related to the harassment/discrimination and/or retaliation;

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 6 OF 12

DeCOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093

5. His emotional distress did not result in a medical or psychological diagnosis and emotional distress that one can easily understand and that an ordinary person would likely experience in similar circumstances and constitutes matters within the everyday experience of the average juror as being attributable to racial discrimination/harassment and retaliation and thus – meets the generic definition of "garden variety" emotional distress;

6. He is not asserting an outrage, or negligent or intentional infliction of emotional distress claim; and

7. He is not asserting a "bodily" injury claim.

In *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 229-30 (D.Mass. 1997), a discrimination and retaliation case, the plaintiff sought damages for emotional distress. The Court determined that merely seeking emotional distress damages was insufficient to place the plaintiff's mental condition at issue. The Court held that privileged communications were waived only when the plaintiff introduces privileged communications in evidence either directly or by calling the particular provider as a witness. Plaintiff Sims has not introduced privileged communication directly and will not be calling medical providers as witnesses.

Similarly in *Fitzgerald v. Cassie*, 216 F.R.D. 632 (D.C. CA. 2003), a harassment suit under the Fair Housing Act (similar to the anti-discrimination laws in the employment context) the Court quashed subpoenas directed to plaintiff's medical and psychological providers. Holding that the medical records were irrelevant, the Court

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 7 OF 12

DECOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093

reasoned that the plaintiff (1) was not asserting a bodily injury claim, (2) was not relying on any provider or other expert to prove emotional distress damages, (3) had not pleaded a claim for either intentional or negligent infliction of emotional distress, and (4) had not pleaded any specific disorder or diagnosis as causally related to the harassment. There, the Court concluded that the plaintiff's emotional distress symptoms – headaches, depression, anger, irritability, discouragement, nervousness, withdrawal, and low self esteem were of such nature as to not impliedly waive plaintiff's privileged communications.

In *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D.CA.1999), an employment discrimination case, the Court held that plaintiff's medical records were protected from discovery and further, quashed defendant's subpoenas to obtain the records. The Court found that plaintiff did not waive her privilege by asserting claims of emotional distress when she had not put the substance of her communications with her providers in issue in the litigation.

The Court further considered the following facts: (1) that plaintiff had not brought a claim for either intentional or negligent infliction of emotional distress; (2) that plaintiff did not allege that she suffered a psychiatric injury or disorder relating to defendant's conduct; (3) that she did not claim to suffer from unusually severe emotional distress; and (4) that she did not intend to offer expert testify regarding her motional distress. "Rather, she merely claims damages for emotional distress which she says she suffered as a result of defendants' actions as alleged in the complaint. The mental suffering Plaintiff claims 'does not exceed the suffering and loss an

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 8 OF 12

DECOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093

ordinary person would likely experience in similar circumstances' and constitutes 'matters that were within the everyday experience of the average juror.'" *Id.* (internal quotations in the original)

Additionally in *Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D, 445, 449 n.6 (N.D.N.Y. 2000), the Court concluded that the plaintiff did not waive the psychotherapist-patient privilege by seeking garden variety or "incidental emotional distress damages." (quotations in the original)

Courts may find an implied waiver when the plaintiff has done more than allege "garden variety" emotional distress. Garden-variety emotional distress has been described as "ordinary or commonplace emotional distress" or "that which is 'simple or usual'." In contrast, emotional distress that is not garden variety "may be complex, such as that resulting in a specific psychiatric disorder." *Fitzgerald* at 637. (internal quotations in the original)

In *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 226 (D.N.J. 2000), the Court held that if a plaintiff merely alleged garden-variety emotional distress – and not "a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress" – then she did not waive the psychotherapist-patient privilege. *See also Smithson v. Trujillo*, 977 P.2d 152, 157 (Colo. 1999) (holding that making a "generic" claim for emotional distress damages does not constitute a waiver of the privilege where mental suffering alleged does not exceed what an ordinary person would likely experience in similar circumstances); *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 527

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 9 OF 12

DECOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093

(N.D. Ill. 1999)(finding no wavier of privilege where plaintiff merely seeks damages for emotional harm resulting from defendants' misconduct).

## B.  POLICY REASONS DICTATE THAT A CONSERVATIVE APPROACH TO CONSTRUING WAIVER OF PRIVILEGES SHOULD BE USED HERE

In employment discrimination and retaliation cases, the Washington Legislature and Congress have placed significant importance on litigants' access to courts and remedial measures. As such, courts should approach a defendant's broad claim of "waiver" of physician-patient privilege with utmost caution[2]. These purposes would be undermined if those vindicating civil rights and seeking recovery for general damages were deterred by allowing defendant's to obtain confidential information to which it is not entitled.

To condition recovery for emotional distress incidental to the violation of state and federal constitutional and statutory rights upon the surrender of the protection of privileged confidential privilege is antithetical to the purpose of the laws that provide redress for such violations. *See, Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n.6 (N.D.N.Y. 2000); *Fitzgerald v. Cassil*, 216 F.R.D. 632 (D.C. CA. 2003).

---

[2] RCW 49.60.010 states that "... discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of free democratic state." RCW 49.60.020 requires courts to liberally construe the statute to prevent and eradicate discrimination and retaliation. Under 49.60.030, a Washington citizen enjoys civil rights, which includes "[t]he right to be free from discrimination."

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 10 OF 12

DECOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093

## C. THE DEFENSE HAS OTHER METHODS BY WHICH TO QUESTION PLAINTIFF ABOUT HIS DAMAGES THEREBY DEFEATING ANY ALLEGATION THAT IT IS THWARTED IN ITS EFFORTS TO QUESTION OR CHALLENGE PLAINTIFF'S DAMAGE CLAIMS

This issue was squarely addressed in *Fitzgerald v. Cassil*, 216 F.R.D. 632, 638 (D.C. CA. 2003) and *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (D.C.CA. 1999). In *Fitzgerald*, when the Court held that plaintiff's records were irrelevant and no implied waiver existed, the Court in reiterated ways in which the defendant there, and similarly the defendant here, can obtain information regarding damages such as: (1) the defendant can cross-examine the plaintiff about other stressors or contributing factors that may explain or have contributed to the emotional distress; (2) the defendant can examine percipient witnesses or find other evidence to use in its case; (3) the defendant can elicit (which it already has here) that the plaintiff did not seek treatment or therapy. As noted by the *Fitzgerald* court: "These examples illustrate that the defendant has numerous avenues through which it can make its case without delving into the plaintiff's confidential communications..." *Id.* at 638.

In *Fritsch* the Court dispelled defendants' claim that it would be "unfair" not to require production of records because to so may deprive them of important evidence that it claimed was relevant to the issue of emotional distress. The Court responded that the defendants' argument "...reflects a fundamental misunderstanding of the nature of the law of privilege. It is the very essence of evidentiary privileges to protect from disclosure relevant evidence." *Fritsch* at 631 (internal citations omitted)

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER  
(06-1412 RSM) PAGE 11 OF 12

DECOSTA LAW FIRM  
THE YUNCKER MANOR  
519 SOUTH G STREET  
TACOMA, WA 98405  
(253) 761-3093

In the present case, Mr. Sims divulged highly sensitive medical information to Dr. Vassall. He did so with the expectation that his communications were going to be confidential and privileged. The substantial harm here is the complete intrusion and obliteration of a constitutional right when defendant has methods by which to defend the claim.

## VI. CONCLUSION

This is precisely the situation that F.R.C.P. 26(c) was created to address. This Court has the authority to enter a Protective Order to prevent this substantial harm.

Respectfully submitted this 16th day of February, 2007.

| FURY BAILEY | THE DeCOSTA LAW FIRM |
|---|---|
| /s/ C. Steven Fury | /s/ Virginia L. DeCosta |
| C. STEVEN FURY | VIRGINIA L. DeCOSTA |
| WSBA # 8896 | WSBA # 19188 |
| 710 – 10th Ave. E. | The Yunker Manor |
| Seattle, WA 98102 | 519 South G Street |
| (206) 726-6600 | Tacoma, WA 98405 |
| (206) 726-0288 fax | (253) 761-3093 |
| steve@furybailey.com | (253) 761-3097 fax |
| Attorney for Plaintiffs | vld-decostalaw@qwest.net |
| | Attorney for Plaintiffs |

PLAINTIFF SIMS'S MOTION FOR PROTECTIVE ORDER
(06-1412 RSM) PAGE 12 OF 12

DECOSTA LAW FIRM
THE YUNCKER MANOR
519 SOUTH G STREET
TACOMA, WA 98405
(253) 761-3093