IN THE UNITED STATES COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHANCE SIMS and NOVELLA COLEMAN,

    Plaintiffs,

    v.

LAKESIDE SCHOOL,

    Defendant.

CASE NO. C06-1412RSM

ORDER GRANTING MOTION FOR PROTECTIVE ORDER

    This matter comes before the Court on plaintiff Chance Sims' Motion for Protective Order. (Dkt. #36). Plaintiff asks this Court to issue a Protective Order prohibiting defendant from obtaining his medical records as defendant has indicated it intends to request in its Notice of Intent to Subpoena Dr. John Vassall's records. Defendant argues that federal courts do not recognize a physician-patient privilege, and that, to the extent a psychotherapist-privilege applies, Mr. Sims has waived that privilege. (Dkt. #39). Therefore, defendant asserts that the Court should deny plaintiff's motion.

    Having reviewed plaintiff's motion, defendant's response, plaintiff's reply, and the remainder of the record, the Court hereby finds and ORDERS:

    (1) Plaintiff's Motion for Protective Order (Dkt. #36) is GRANTED. As an initial matter, the Court notes that it appears only one type of record is at issue here – pure medical records. While the subpoena will apparently request "counseling and psychological" records, defendant emphasizes in its response that Dr. Vassall is not a licensed psychiatrist or psychologist, and "the

ORDER    - 1 -

relevant issue here is whether a physician-patient privilege exists." (Dkts. #37, Ex. 2 and #39 at 1). To that end, the Court notes that it must first determine whether such pure medical records are even relevant to this action. Here, the Court agrees with plaintiff that they are not. Mr. Sims has not made any claim for bodily injury in this case, he does not plan on calling any health care providers as witnesses, and he is not asserting any independant claim for negligent infliction of emotional distress, outrage or intentional infliction of emotional distress. Thus, the Court could issue a Protective Order on that basis alone.

To the extent that defendant actually intends to subpoena psychological records through Dr. Vassall and Minor and James Medical Center, a psychotherapist-patient privilege is explicitly provided for under the federal common law, *see Jaffee v. Redmond*, 518 U.S. 1, 15 (1996), and the Court agrees with plaintiff that such privilege has not been waived in this case. This Court is persuaded that the narrow approach discussed in *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636-40 (N.D. Cal. 2003) should be applied here. Mr. Sims has asserted "garden variety" emotional distress symptoms, including depression, anger, irritability, sleep loss, discouragement, withdrawal, relived experience and low self esteem. He has not asserted a bodily injury claim, he is not relying on any provider or other expert to prove emotional distress symptoms, and he has not pled a cause of action for intentional or negligent infliction of emotional distress.

In addition, as the *Fitzgerald* court explained, there are other avenues for defendant to obtain the information it now intends to seek:

> While the privilege may bar access to medical records, the defendant may cross-examine the plaintiff, as was done in the instant case, about other stressors or contributing factors that may explain or have contributed to the alleged emotional distress. The occurrence and dates of any psychotherapy including that which occurred before the incident is not privileged and subject to discovery. The defendant can examine percipient witnesses or find other evidence to show, for example, that plaintiff's description of his or her distress is exaggerated. It may elicit from the plaintiff the fact that the plaintiff did not seek and obtain treatment or therapy for the alleged distress.

*Fitzgerald*, 216 F.R.D. at 638 (citations omitted).

Accordingly, the psychotherapist-patient privilege, to the extent it exists with respect to those records defendant intends to subpoena from Dr. Vassall and the Minor and James Medical Center, has not been waived. *See Fitzgerald*, 216 F.R.D. at 639. For this reason, and on the

ORDER        - 2 -

basis that plaintiff's pure medical records are not relevant in any event, the Court agrees that a Protective Order prohibiting defendant from obtaining Dr. Vassal's records should be granted.

(2)  The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 15th day of March, 2007.

                                      RICARDO S. MARTINEZ
                                      UNITED STATES DISTRICT JUDGE