1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHANCE SIMS and NOVELLA COLEMAN,

    Plaintiffs,

    v.

LAKESIDE SCHOOL,

    Defendant.

CASE NO. C06-1412RSM

ORDER DENYING IN PART
DEFENDANT'S MOTIONS TO QUASH

    This matter comes before the Court on defendant's motion to quash plaintiffs' subpoena duces tecum to Jamie Asaka (Dkt. #102), defendant's motion to quash plaintiffs' subpoena duces tecum to Dean Ballard (Dkt. #104), and defendant's motion to quash plaintiffs' subpoena duces tecum to Zinda Foster (Dkt. #106). Defendant asks the Court to quash plaintiffs' subpoena duces tecum to these three witnesses, or, in the alternative, to modify the subpoenas on the grounds that the documents sought by plaintiffs from the subpoenaed witnesses are in the possession of defendant Lakeside, a party employer. Plaintiffs oppose the motion, indicating that the witnesses are not speaking agents of the employer and therefore are not effectively parties to the case. Plaintiffs also seek further clarification of the Court's June 9 Order denying in part defendant's motion to quash (Dkt. #78).

    Having reviewed defendant's motions, plaintiffs' responses, defendant's replies, and the remainder of the record, the Court hereby finds and ORDERS:

    (1) Defendant's Motions to Quash (Dkt. #102, #104, and #106) are DENIED IN PART.

1 The Court finds that the subpoenas issued to Jamie Asaka, Dean Ballard, and Zinda Foster have
2 relevance and are proper discovery requests insofar as the plaintiffs seek documents that are in
3 the personal possession of Ms. Asaka, Mr. Ballard, and Ms. Foster, and are not in the possession
4 and control of their employer. Therefore the Court agrees with defendant's alternative
5 argument, and the subpoenas shall be modified to limit them solely to documents which Ms.
6 Asaka, Mr. Ballard, and Ms. Foster have prepared outside their capacities as employees of
7 defendant Lakeside, and over which they have personal possession, custody, or control.
8 However, the Court declines to modify the subpoenas to limit them to documents not concerning
9 students. Any documents which Ms. Asaka, Mr. Ballard, and Ms. Foster have prepared
10 regarding students which are not in the possession and control of their employer are relevant and
11 proper discovery requests.

      (2) Pursuant to plaintiffs' requests for clarification contained in their responses to defendant's motions, the Court stands by the language contained in its June 9 Order (Dkt. #78) and the language contained in this Order. The Court unambiguously has indicated that any documents which plaintiffs seek from subpoenaed witnesses that are also in the possession and control of defendant Lakeside are improper requests. They are duplicative and unnecessary. Plaintiffs may utilize the discovery rules to properly obtain the information they desire.

      (3) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this  11  day of September, 2007.

                                              RICARDO S. MARTINEZ
                                              UNITED STATES DISTRICT JUDGE