UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANCE SIMS and NOVELLA COLEMAN, <br><br> Plaintiffs, <br><br> v. <br><br> LAKESIDE SCHOOL, <br><br> Defendant. | CASE NO.  C06-1412RSM <br><br> ORDER DENYING IN PART DEFENDANT'S MOTION TO QUASH |

This matter comes before the Court on defendant's motion to quash plaintiffs' notices of depositions over the limit of ten set by Federal Rules of Civil Procedure 30(a)(2)(A). (Dkt. #139).  Defendant argues that plaintiffs have not sought leave of the Court to serve notices of depositions on eleven individuals as required by Federal Rules of Civil Procedure 30(a)(2)(A).[1] Therefore, defendants move the Court to quash the notices of deposition for each deposition over the number of ten, or, in the alternative, to order plaintiffs to either move the Court for leave to take each of their proposed depositions over ten, or to engage in a good faith effort to actually obtain from defendant a stipulation to take additional depositions.  Plaintiffs respond that the parties agreed in the Joint Status Report that they would expect the number of depositions to be greater than the ten contemplated by Federal Rules of Civil Procedure 30(a)(2)(A). (Dkts. #17 and #159).

---

[1] Plaintiffs have served twenty-one notices of depositions upon individuals related to defendant Lakeside.

ORDER DENYING IN PART
DEFENDANT'S MOTION TO QUASH - 1

Having reviewed defendant's motion, plaintiffs' response, defendant's reply, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion to Quash (Dkt. #139) is DENIED IN PART. The Court finds that the eleven depositions at issue have potential relevance, and that plaintiffs would suffer prejudice if prevented from engaging in this discovery procedure. However, the Court agrees with defendant's alternative argument, and ORDERS plaintiffs to move the Court for leave pursuant to Federal Rules of Civil Procedure 30(a)(2)(A) for each of their proposed depositions over ten. The discovery rules clearly state that "[a] party must obtain leave of the court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) . . . if, without the written stipulation of the parties, a proposed deposition would result in more than ten depositions being taken under this rule." Fed. R. Civ. P. 30(a)(2)(A). The Court recognizes that the parties agreed in their Joint Status Report that they expected the number of depositions to be greater than the ten contemplated by the discovery rules. However, the parties did not stipulate as to exactly how many depositions over ten would be needed. Moreover, this stipulation did not give plaintiffs authority to take an unlimited number of depositions, and more importantly it did not absolve plaintiffs from their responsibility of following the Court's rules and procedures for discovery. Therefore, a stipulation or motion for leave is required.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 11 day of September, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING IN PART
DEFENDANT'S MOTION TO QUASH - 2