UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANCE SIMS and NOVELLA COLEMAN, | CASE NO. C06-1412RSM |
| Plaintiffs, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL |
| LAKESIDE SCHOOL, | |
| Defendant. | |

This matter comes before the Court on defendant Lakeside's motion to compel. (Dkt. #117). Defendant seeks an order from the Court allowing for review of the contents of a hard drive image of plaintiff Chance Sims' ("Sims") laptop. This computer was furnished by defendant while plaintiff was employed at Lakeside. A brief review of the relevant facts follows:

On February 12, 2007, defendant received plaintiff Sims' laptop and made an image of his hard drive. That same afternoon, a Rule 37 conference was held between the parties and plaintiff Sims' counsel raised no objection to defendant's imaging of the hard drive. However, three days later, plaintiff Sims' counsel raised an objection and requested assurance that defendant had not yet reviewed its contents. Defendant indicated that it has respected plaintiff Sims' request. The parties have attempted to resolve this issue on their own to no avail. As a

ORDER
PAGE - 1

1 result, defendant now brings this motion seeking to compel review of the hard drive.

2 Having reviewed defendant's motion, plaintiff Sims' response, defendant's reply,
3 plaintiff Sims' surreply, the declarations and exhibits attached thereto, and the remainder of the
4 record, the Court hereby finds and ORDERS:

5 1) Defendant Lakeside's motion to compel shall be GRANTED IN PART and
6 DENIED IN PART. Plaintiff Sims has no reasonable expectation of privacy in the contents of
7 the laptop that was furnished by defendant Lakeside, including e-mails he sent and received on
8 his Lakeside e-mail account. However, web-based e-mails generated by plaintiff Sims and any
9 material he created to communicate with his attorney and his spouse are protected under the
10 attorney-client privilege and the marital communications privilege.

11 Defendant's employee manual is unequivocally clear in regards to its policy on computer
12 networks when stating that "[u]ser accounts are the property of Lakeside School." (Dkt. #119;
13 Exhibit G at 2). The policy repeats this assertion six paragraphs later when stating, "[a]ccounts
14 are property of Lakeside School and are to be used for academic and administrative purposes
15 only." *Id.* Furthermore, where an employer indicates that it can inspect laptops that it furnished
16 for use of its employees, the employee does not have a reasonable expectation of privacy over
17 the employer-furnished laptop. *See Muick v. Glenayre Electronics*, 280 F.3d 741, 743 (7th Cir.
18 2002). Here, there is no dispute that plaintiff Sims received a copy of this policy and signed an
19 acknowledgment that he read and reviewed the policy. (Dkt. #119, Exhibit C at 3).
20 Consequently, the Court holds that plaintiff Sims was on notice that he did not possess a
21 reasonable expectation of privacy in the contents of his laptop.

22 Plaintiff Sims' absence of privacy rights also extends to the e-mails he sent and received
23 using defendant Lakeside's accounts. Again, defendant's employee manual is unequivocally
24 clear in stating that "[u]sers recognize that the e-mail system is the property of Lakeside School
25 and is provided for educational and administrative purposes . . . Lakeside does not assure the
26 confidentiality of e-mail." (Dkt. #119, Exhibit G at 3). The policy continues:

27
28 ORDER
PAGE - 2

> An e-mail account holder's consent shall be sought by the school prior to any inspection, monitoring, or disclosure of e-mail records in the holder's possession, but the inability of the school to gain such consent *shall not preclude such access to a user's account.* Users, when requested, are expected to cooperate with school administrators, in such inspection, monitoring, or disclosure.

*Id.* (emphasis added).

Here, plaintiff concedes in his response that "Lakeside e[-]mail is not confidential or privileged." (Dkt. #153 at 6). Therefore the Court holds that plaintiff Sims also has no reasonable expectation of privacy over Lakeside e-mails.

However, to the extent that the laptop contains web-based e-mails sent and received by plaintiff Sims and any other material prepared by plaintiff Sims to communicate with his counsel, the Court agrees with plaintiff that such information is protected under the attorney-client privilege and the marital communications privilege.[1] Notwithstanding defendant Lakeside's policy in its employee manual, public policy dictates that such communications shall be protected to preserve the sanctity of communications made in confidence. *See e.g.*, *United States v. Louisville & Nashville R.R.*, 236 U.S. 318, 336, 35 S.Ct. 363, 369 (1915) (recognizing that the attorney-client privilege is predicated upon the belief that it is in the public interest to encourage free and candid communications between clients and their attorneys, by protecting the confidentiality of such communications).

Accordingly, the Court shall allow defendant Lakeside to review the contents of plaintiff Sims' hard drive and the Lakeside e-mails contained therein *subject to the following limitations:* defendant Lakeside is not permitted to review any web-based generated e-mails, or materials

---

[1] Plaintiff Sims fails to assert which specific marital privilege applies. It is clear that federal courts recognize two distinct privileges based on the marital relationship: the marital communications privilege that protects confidential communications made during marriage; and the spousal incompetency privilege that bars one spouse from testifying adversely to the other. *U.S. v. Lustig*, 555 F.2d 737, 747 (9th Cir. 1977). Not only does plaintiff in his response use the words "marital" and "spousal" interchangeably, plaintiff also offers no briefing in support of why either one applies in this case. Nevertheless, the Court will assume that plaintiff intends to have the marital communications privilege apply.

1  created by plaintiff Sims to communicate with his counsel or his wife.

2      2) The parties have presented opposing arguments as to how plaintiff Sims' hard drive should be examined. Plaintiff Sims first argued in his response that "[w]ere it appropriate, the examination should be performed by an independent technician at defendant's expense and all documents [will be] delivered to plaintiffs' counsel for examination and assertion of the privilege." (Dkt. #153 at 11). Defendant replied that:

> Lakeside would be willing to have its own expert, at its own expense[], provide both parties' counsel with a list of files (deleted and active) from Mr. Sims' computer . . . Plaintiffs' counsel can then identify any files they believe are privileged, as well as the nature of the privilege being asserted. Lakeside will then review any remaining files over which no claim of privilege is made, and will determine whether any of plaintiffs' privilege designations should be challenged.

(Dkt. #161 at 5).

Plaintiff filed a surreply requesting the Court to strike this portion of defendant's reply, as it did not present this argument in its original motion. However, the Court finds that the parties' general intentions are reasonable. Therefore the Court Orders the parties to comply with defendant's proposal.

    3) The Clerk shall forward a copy of this Order to all counsel of record.

Dated this 20th day of September, 2007.

                                      RICARDO S. MARTINEZ
                                      UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4