UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANCE SIMS and NOVELLA COLEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>LAKESIDE SCHOOL,<br><br>Defendant. | CASE NO. C06-1412RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE DISCOVERY |

This matter comes before the Court on plaintiffs' Motion to Enforce Discovery Order or to Compel Discovery. (Dkt. # 192). On August 17, 2007, this Court consolidated defendant's Motion for Protective Order (Dkt. #79) and plaintiffs' Motion to Compel (Dkt. #82) and issued an Order directing defendant to produce all email responsive to plaintiff's Request for Production No. 54. (Dkt. #135). Plaintiffs now move the Court to enforce the August 17, 2007 Order. Specifically, plaintiffs argue that this Court's Order required defendant to not only respond to Request for Production No. 54, but also to Requests for Production Nos. 16, 18, 37, 43, 44, 52, and 53. Plaintiffs also argue that defendant should "[d]escribe under oath what steps it has taken to search for the requested materials" and to fashion appropriate sanctions on defendant. (Dkt. #192 at p. 2).

Defendant responds that this Court's August 17, 2007 Order was expressly limited to Request for Production No. 54. Further, defendant argues that it has complied with this Court's Order and has produced and will continue to produce electronically stored documents related to that request.

ORDER
PAGE - 1

1   Having reviewed plaintiffs' motion, defendant's response, plaintiffs' reply, the
2 declarations and exhibits attached thereto, and the remainder of the record, the Court hereby
3 finds and ORDERS:

4   (1) Plaintiffs' Motion to Enforce Discovery (Dkt. #192) is DENIED. This Court's
5 August 17, 2007 Order was limited to plaintiff's Request for Production No. 54. To the
6 extent that plaintiffs now seek to bootstrap Requests for Production Nos. 16, 18, 37, 43, 44,
7 52, and 53 into the language of this Court's Order, such request is also denied. The Court
8 takes notice that since the August 17, 2007 Order, the parties have conferred to develop a
9 protocol for the continued production of electronically stored information from defendant's
10 laptops and desktop computers. Further, plaintiffs' original Motion to Compel was restricted
11 to compel production of electronically stored information. For example, plaintiffs' motion
12 states, "[i]n this case, the plaintiffs are only seeking a search of accessible data on computers
13 owned by defendant Lakeside or data on its online computer servers." (Dkt. #82 at p. 12).
14 Plaintiffs again reiterate in their motion that "[i]n this case, the plaintiffs seek documents
15 which are electronically stored on Lakeside's facilities[.]" *Id.* at 13. Therefore the Court will
16 not expand the scope of its Order to include *all documents* which plaintiffs now seek to
17 compel when plaintiffs originally sought discovery of electronic data. In addition, requiring
18 defendant to respond to the at-issue Requests for Protection at this stage of the litigation
19 would be unnecessary and duplicative given the parties' agreed framework to produce the
20 electronically stored information plaintiffs seek.

21   Relatedly, the Court is satisfied that the agreed framework obviates the need for
22 defendant to describe under oath the steps it has taken to search for the requested materials.
23 The Court additionally finds no grounds to justify the imposition of sanctions on defendant.

24   (2) The Clerk shall forward a copy of this Order to all counsel of record.
25   DATED this 1st day of November, 2007.

26
27                                          RICARDO S. MARTINEZ
                                            UNITED STATES DISTRICT JUDGE
28

ORDER
PAGE - 2