UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANCE SIMS and NOVELLA COLEMAN,<br><br>                   Plaintiffs,<br><br>    v.<br><br>LAKESIDE SCHOOL,<br><br>                   Defendant. | CASE NO. C06-1412RSM<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S MOTION TO STRIKE |

## **I. INTRODUCTION**

This matter comes before the Court on defendant's Motion for Protective Order and defendant's Motion to Strike.[1]  (Dkts. #199 and #220).  Defendant requests a protective order pursuant to Fed. R. Civ. P. 26(c) to prevent the unfettered disclosure of: (1) the names and identities of minor students; (2) sensitive non-party employee personnel information; and (3) defendant's proprietary financial information.  Defendant argues that a protective order is justified to prevent the harm associated with public disclosure of such private and confidential information.  Plaintiff responds that defendant has failed to meet the high burden imposed by Fed. R. Civ. P. 26(c).  Additionally, plaintiffs contend that the Court has already twice denied

---

[1] Defendant's motion properly appears within its reply pursuant to Local Rule CR 7(g) (Dkt. #220).

ORDER
PAGE - 1

1 defendant's motion for a protective order.

2 Defendant also moves to strike Exhibit 1 of plaintiffs' counsel's declaration on the
3 grounds that it is inadmissible hearsay.[2]  Plaintiffs respond that the exhibit is admissible
4 pursuant to Fed. R. Evid. 801(d)(2)(D).

5 For the reasons set forth below, the Court GRANTS IN PART defendant's Motion for
6 Protective Order and DENIES defendant's Motion to Strike.

## II.  DISCUSSION

### A.  Defendant's Motion for Protective Order

Fed. R. Civ. P. 26(c) provides in pertinent part that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The party seeking a protective order must make a particular request and articulate facts in support of that request.  *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991).  The facts must show that a clearly defined and serious injury will result from the discovery sought.  *See Federal Election Comm'n v. Gopac*, 897 F. Supp. 615, 617 (D.D.C. 1995). Conclusory or speculative statements about the need for a protective order and the harm that would be suffered without one are insufficient. *See Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193 (1981).

In the instant case, the Court finds that minor students' names deserve protection not only by redacting their names, but also by replacing those names with pseudonyms, and also redacting and replacing the names of Lakeside parents with pseudonyms.  The Court finds that this is the appropriate remedy given the small size of Lakeside School and its community. Solely redacting minor students' names would fail to adequately protect the interest of the minor children involved.  There is a strong public policy in favor of protecting the identity of

---

[2] Exhibit 1 is an email from Sonja Czarnecki ("Czarnecki") to plaintiff Novella Coleman ("Coleman").  At the time the email was written, Czarnecki was a history teacher and a student advisor at Lakeside.  Czarnecki is now currently chair of the history department at Lakeside.

ORDER
PAGE - 2

1  minor children and this Court shall not deviate from this policy.

2　　　　　Therefore, the Court ORDERS the parties to redact and replace the names of minor
3  children and their parents with a pseudonym.  The parties shall jointly contribute to an un-
4  filed, confidential "Pseudonym Key" that equates pseudonym designation with the name of the
5  student or parent.  In addition, where either: (i) a document filed in this matter contains
6  information about a student or parent that could identify the student even when a pseudonym
7  is used; or (ii) it is relevant and necessary to include the name of a minor student or their
8  parent, the filing party shall only file such document conjoined to a motion to seal in
9  accordance with Local Rule CR 5(g)(2).

10　　　　　With respect to defendant's request to prevent the disclosure of non-party employee
11  personnel information, and defendant's proprietary financial information, such request shall be
12  denied.  Defendant has not made the requisite showing under Fed. R. Civ. P. 26(c) to justify
13  the protection of such information.  Specifically, defendant has failed to provide concrete
14  examples or facts to show the harm that would result if such information is disseminated to
15  the public.  For example, defendant states that the release of personnel information regarding
16  current and former employees "is of the very sort that, if disclosed, could be very
17  embarrassing for individuals."  (Dkt. #199 at 10).  In addition, defendant states that its
18  financial records "could be very damaging to Lakeside's fund raising efforts and financial
19  security."  *Id.* at 11.  However, broad allegations of harm, unsubstantiated by specific
20  examples do not justify a protective order under Fed. R. Civ. P. 26(c).  *See, e.g., Glenmede*
21  *Trust Co. v. Thompson*, 56 F.3d 476, 483-84 (3d Cir. 199) (finding that a protective order
22  was not justified where the party seeking such an order only described their harm in
23  generalized allegations of injury to reputation and to relationships with clients).  A more
24  particularized showing by defendant is needed for this Court to grant the protective order it
25  seeks.  Therefore, defendant's motion with respect to this information shall be denied.

26　　**B. Defendant's Motion to Strike**

27　　　　Fed. R. Evid. 801(d)(2)(D) provides that a statement is not hearsay if it is "a statement
28  by the party's agent or servant concerning a matter within the scope of the agency or

ORDER
PAGE - 3

employment, made during the existence of the relationship." The rule "requires the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment." *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986); *see also In re Sunset Bay Assoc.*, 944 F.2d 1503, 1519 (9th Cir. 1991)("Significantly, the statements need only *concern* matters within the scope of the agency; they need not be made within the scope of the agency") (emphasis in original). The agent is not required to have authority to make a statement on a particular subject. *See Nekolny v. Painter*, 653 F.2d 1164, 1171 (7th Cir. 1981).

Here, the Court initially addresses plaintiffs' counsel's remarkable statement that "[t]he case cited by defendant [*Breneman*] in its brief involves a different rule FRE 801(d)(2)(C)." (Dkt. #224 at 6). However, it is abundantly clear that *Breneman* specifically references Fed. R. Evid. 801(d)(2)(D). In fact, *Breneman* is cited seven times by courts in the Ninth Circuit for the proposition that the proffering party must lay a foundation that the statement relates to a matter within the scope of the agent's employment pursuant to *Fed. R. Evid. 801(d)(2)(D)*. *See Sea-Land Serv. v. Lozen Int'l, LLC*, 285 F.3d 808, 821 (9th Cir. 2002); *Harris v. Itzhaki*, 183 F.3d 1043, 1054 (9th Cir. 1999); *Robbins v. Aleutian Queen Seafood*, 1994 U.S. App. LEXIS 1948 at *6-7 (9th Cir. 1994); *U.S. v. Miller*, 893 F.2d 1573, 1581 (9th Cir. 1990); *MGM Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 973 (C.D. Cal. 2006); *Weitecha v. Ameritas Life Ins. Corp.*, 2006 U.S. Dist. LEXIS 70320 at *57 (D. Ariz. 2006); *Davis v. California*, 1996 U.S. Dist. LEXIS 21035 at *169 (E.D. Cal. 1996).

Notwithstanding plaintiffs' counsel's disingenuous statement, the Court finds that the email at issue from Czarnecki is admissible pursuant to Fed. R. Evid. 801(d)(2)(D) because Czarnecki was: (1) both a history teacher and advisor at Lakeside at the time she wrote the email at-issue; and (2) the email concerned a matter regarding her role as an advisor to a student who allegedly made controversial remarks to plaintiff Coleman. Therefore, defendant's motion to strike is denied.

### **III.  CONCLUSION**

Having reviewed the relevant motions, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion for Protective Order (Dkt. #199) is GRANTED IN PART.

(2) Defendant's Motion to Strike (Dkt. #220) is DENIED.

(3) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this  28  day of November, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5